**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| ISAIAS RAMIREZ, Individually and on behalf of all others similarly situated, <br> *Plaintiff*, <br><br> v. <br><br> ONEPOINTE SOLUTIONS, LLC., <br><br> *Defendant*. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Isaias Ramirez ("Plaintiff" or "Ramirez") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members) who worked for OnePointe Solutions, LLC (hereinafter "Defendant" or "OnePointe"), anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for OnePointe as Installers, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and who were paid a salary but did not receive overtime compensation for all hours worked over forty (40) per workweek in violation of federal law.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. OnePointe improperly classified Plaintiff and the Putative Class Members as exempt from overtime.

5. The decision by OnePointe not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. OnePointe knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8. OnePointe knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

9.  Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff Ramirez prays that all similarly situated workers (Putative Class Members/FLSA Collective) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Isaias Ramirez ("Ramirez") was employed by OnePointe as an Installer from approximately November 2019 until April 2020, and then as a Manager, from approximately April 2020 to the end of his employment with OnePointe. Throughout his employment with OnePointe, Plaintiff was paid a salary with no overtime compensation even though he was not exempt and regularly worked in excess of forty (40) hours each week.[1]

12. The FLSA Putative Class Members are those similarly situated individuals who were employed by OnePointe, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Ramirez worked and was paid.

13. Defendant OnePointe Solutions, LLC ("OnePointe"), is a domestic limited liability company, organized under the laws of the State of Texas, and may be served with process through its registered agent for service of process: **Aaron Boto, 1112 Swenson Blvd, Elgin, Texas 78621.**

---

[1] The written consent of Isaias Ramirez is hereby attached as Exhibit "A."

# III.
# JURISDICTION & VENUE

14. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. This Court has personal jurisdiction over OnePointe because the cause of action arose within this District and Division as a result of OnePointe's conduct within this District and Division.

16. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, Plaintiff Ramirez worked in Corpus Christi, Texas throughout his employment with OnePointe, which is located within this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# ADDITIONAL FACTS

19. OnePointe is a self-proclaimed "one-stop-shop for the highest quality laboratory, industrial, and commercial furniture."[2]

20. OnePointe is "a provider of technology solutions to businesses" and "has [] become the leading manufacturer of custom laboratory furniture and industrial workbenches in the country."[3]

21. Plaintiff Ramirez was an Installer from approximately November 2019 until April 2020.

22. Plaintiff Ramirez was a Manager from approximately April 2020 until November 2021.

23. Pursuant to a centralized, company-wide policy, pattern and/or practice, Plaintiff and the Putative Class Members were (and continue to be) misclassified by OnePointe as exempt from receiving overtime under the FLSA.

---

[2] https://www.onepointesolutions.com.

[3] *Id.*

24. Plaintiff and the Putative Class Members were (and continue to be) paid a salary and no overtime compensation even though they regularly worked in excess of forty (40) hours in a week.

25. Throughout the relevant time period, Plaintiff and the Putative Class Members were not exempt from the FLSA under any recognized exemption.

26. Plaintiff and the Putative Class Members did not exercise independent discretion and/or judgment on matters of significance on behalf of OnePointe.

27. Plaintiff and the Putative Class Members did not have authority to formulate, affect, interpret, or implement management policies or operating practices of OnePointe.

28. Plaintiff and the Putative Class Members did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of OnePointe.

29. Plaintiff and the Putative Class Members did not customarily and regularly direct the work of two or more other full-time employees or their equivalent.

30. Plaintiff and the Putative Class Members did not control or have authority over other employees' (or their own) work schedules.

31. Plaintiff and the Putative Class Members did not control or have authority over other employees' (or their own) rates of compensation.

32. Plaintiff and the Putative Class Members did not control or have authority over other employees' (or their own) changes of employment status.

33. Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees.

34. Plaintiff and the Putative Class Members' suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

35. Plaintiff and the Putative Class Members duties did not include the exercise of independent discretion or judgment.

36. Plaintiff and the Putative Class Members could not deviate from OnePointe's requirements or instructions without permission.

37. Plaintiff and the Putative Class Members did not utilize any special skills or training in the course of their work for OnePointe.

38. Plaintiff and the Putative Class Members did not possess a specialized degree or certification that they utilized in the course of their work for OnePointe.

39. The performance of manual labor occupied the majority of Plaintiff and the Putative Class Members' working hours.

40. Specifically, Plaintiff and the Putative Class Members' daily job duties consisted of installing laboratory, commercial, and industrial furniture at OnePointe customers' facilities.

41. Plaintiff and the Putative Class Members completed their work within designed parameters and in accordance with pre-determined plans created by OnePointe.

42. Plaintiff and the Putative Class Members were not permitted to deviate from these parameters or plans and did not exercise discretion and independent judgment with respect to matters of significance.

43. Instead, Plaintiff and the Putative Class Members performed work directly related to the installation side of OnePointe's business.

44. Plaintiff and the Putative Class Members were not exempt from the overtime requirements of the FLSA by reason of any FLSA exemption.

45. OnePointe did not perform a person-by-person analysis of the job duties of Plaintiff and the Putative Class Members when making the decision to uniformly classify them as exempt from the overtime protections of the FLSA.

46. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

47. Indeed, Plaintiff Ramirez typically worked seventy (70) hours or more each week.

48. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

49. Although it is well-known that manual laborers like Plaintiff and the Putative Class Members are ***not*** exempt from overtime, OnePointe did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

50. OnePointe applied this pay practice despite clear and controlling law that states that the routine and manual labor duties performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

51. OnePointe denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

52. Because OnePointe did not pay Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) in a workweek, OnePointe's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER LABORERS WHO WERE EMPLOYED BY ONEPOINTE SOLUTIONS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 31, 2019, THROUGH THE**

**FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

55. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

56. At all times hereinafter mentioned, OnePointe has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

57. At all times hereinafter mentioned, OnePointe has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

58. Specifically, OnePointe operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

59. During the respective periods of Plaintiff and the FLSA Collective Members' employment by OnePointe, these individuals have provided services for OnePointe that involved interstate commerce for purposes of the FLSA.

60. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

61. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of OnePointe who assisted OnePointe's customers. 29 U.S.C. § 203(j).

62. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

63. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 54.

64. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of OnePointe.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

65. OnePointe has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

66. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of OnePointe's acts or omissions as described herein; though OnePointe is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

67. Moreover, OnePointe knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

68. OnePointe knew or should have known their pay practices were in violation of the FLSA.

69. OnePointe a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

70. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted OnePointe to pay overtime according to the law.

71. The decision and practice by OnePointe to not pay overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

72. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of OnePointe's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

75. Other similarly situated employees of OnePointe have been victimized by OnePointe's patterns, practices, and policies, which are in willful violation of the FLSA.

76. The FLSA Collective Members are defined in Paragraph 54.

77. OnePointe's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of OnePointe and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

78. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

79. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

80. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid overtime for all hours worked in excess of forty (40) hours per workweek.

81. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

82. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and OnePointe will retain the proceeds of its violations.

83. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

84. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 54 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

85. Plaintiff respectfully prays for judgment against OnePointe as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 54 and requiring OnePointe to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding OnePointe liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding costs and expenses of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Ramirez a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of OnePointe, at OnePointe's own expense; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 31, 2022                 Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
      **Clif Alexander**
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy**
      Federal I.D. No. 1122168
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **Alan Clifton Gordon**
      Federal I.D. No. 19259
      Texas Bar No. 00793838
      cgordon@a2xlaw.com
      **Carter T. Hastings**
      Federal I.D. No. 3101064
      Texas Bar No. 24101879
      carter@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      *Counsel for Plaintiff and the Putative Class Members*